

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| SHAWN HAYDEN OWENS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 0:23-5958-MGL-PJG |
| | § | |
| DIRECTOR BRIAN D. STERLING, | § | |
| YOLANDA TURNER, *Associate Warden*, | § | |
| KEVIN CUNNINGHAM, *Mental Health*, | § | |
| WARDEN JOHN PALMER, SCDC | § | |
| OFFICER DION GAINES, SCDC MAJOR | § | |
| STANLEY TERRY, SCDC GENERAL | § | |
| COUNSEL MATT HARRIS, S.C.D.C., and | § | |
| S.L.E.D., | § | |
| Defendants. | § | |

---

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RETRAINING ORDER AND PRELIMINARY INJUNCTION

---

Plaintiff Shawn Hayden Owens (Owens), a state prisoner who is representing himself, filed this civil action against the above-named Defendants, alleging violations of his constitutional rights under 42 U.S.C. § 1983 (Section 1983).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court deny Owens's motions for a temporary restraining order and preliminary injunction. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 14, 2025.  The Clerk docketed Owens's objections on March 28, 2025, and Defendants replied on April 11, 2025.  The Clerk docketed Owens's supplemental objections on June 13, 2025, and Defendants filed a supplemental reply on September 16, 2025.  The Court has carefully reviewed Owens's objections but holds them to be without merit.  It will therefore enter judgment accordingly.

Owens is currently serving three life sentences for two counts of murder and one count of first-degree burglary.  He is also serving concurrent sentences for two counts of kidnapping and one count each of second-degree burglary, third-degree burglary, assault and battery with intent to kill, and grand larceny.

Owens alleges, while housed at McCormick Correctional Institution (McCormick) in May 2022, he cooperated with law enforcement.  According to Owens, Defendants SCDC Officer Dion Gaines (Gaines) and General Counsel Matt Harris revealed his cooperation to other inmates, which resulted in him being raped and assaulted multiple times between May 31, 2022, and November 16, 2022.  Owens contends he reported the attacks to prison officials, but they neglected to protect him or otherwise comply with the Prison Rape Elimination Act of 2003, 34 U.S.C. §§ 30301 to 30309.  He thus filed this lawsuit on November 20, 2023.

As the Court stated above, Owens has filed motions for a temporary restraining order and preliminary injunction.  Owens requests the Court release him from custody during the pendency of this action, as Defendants are allegedly incapable of protecting him.

The Magistrate Judge, as the Court previously noted, recommends the Court deny Owens's motions. More specifically, the Magistrate Judge concludes Owens has neglected to demonstrate "he is likely to suffer irreparable harm in the absence of preliminary relief[.]" *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As an initial matter, the Court takes judicial notice of the fact Owens was relocated from McCormick on December 22, 2022, and has been housed at Evans Correctional Institution (Evans) since July 24, 2024. *See South Carolina Department of Corrections (SCDC) Incarcerated Inmate Search*, S.C. Dep't of Corr., https://public.doc.state.sc.us/scdc-public/ (last visited Sept. 22, 2025).

In Owens's first objection, he contends the exhibits attached to his amended complaint establish he "is in a constant situation to suffer irreparable harm absent his requested relief." Objections at 6. He argues such exhibits reflect "his prior attacks, current housing situation [at Evans] with one of the original sexual [assault perpetrators Alvin Summons Jr. (Summons)], [the] SCDC website, and constant [terrorism] by all [D]efendants . . . ." *Id.* Owens further maintains Gaines possesses evidence of his cooperation, which creates a risk of further assault.

Because Owens is now housed at Evans, however, he is unable to demonstrate a likelihood of irreparable harm based on the conditions at McCormick, including his prior attacks and any purported terrorism by correctional officers. Further, although Owens maintains his placement in the same unit as Summons poses a concern of irreparable harm, Owens later informed the Court Summons was relocated to another dorm. *See SCDC Incarcerated Inmate Search*, S.C. Dep't of Corr., https://public.doc.state.sc.us/scdc-public/ (last visited Sept. 22, 2025) (showing Summons and Owens reside in Dorms 4B and F5A, respectively). The Court will therefore overrule his first objection.

Next, Owen maintains he is likely to suffer irreparable harm because an inmate at Evans assaulted him on June 4, 2025. Owens claims the assault "occurred due to . . . Gaines being served at home with all the paperwork [relative to] his motions for a [temporary restraining order] and preliminary injunction." Supplemental Objections at 3. *Id.* In support, he submits an unsworn voluntary inmate statement.

Defendants, on the other hand, posit Owens has "present[ed] no substantive evidence he was attacked as he alleges, nor does [he] ever explain why being released from prison, despite his life sentences for first-degree burglary and two murders, is the only form of injunctive relief which would ensure his safety." Supplemental Response at 4.

Presuming Owens's assault allegations are true, he was placed in short-term detention with protective concerns from June 5, the day after the purported assault, until June 24, 2025. *See SCDC Incarcerated Inmate Search*, S.C. Dep't of Corr., https://public.doc.state.sc.us/scdc-public/ (last visited Sept. 22, 2025). And, he neglects to aver his current dorm assignment fails to insulate him from irreparable harm.

Moreover, even if Owens could demonstrate a likelihood of irreparable harm, the Prison Litigation Reform Act advises "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the [C]ourt finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). It also requires the Court to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." *Id.*

Here, though, the Court is unpersuaded the drastic relief Owens seeks is "narrowly drawn, extend[s] no further than necessary to correct the harm the [C]ourt finds requires preliminary relief, [or is] the least intrusive means necessary to correct that harm." *Id.* Nor is the Court convinced

such relief is warranted considering the myriad adverse public safety concerns posed by the release of a prisoner who is serving substantial sentences for six violent offenses. *See SCDC Incarcerated Inmate Search*, S.C. Dep't of Corr., https://public.doc.state.sc.us/scdc-public/ (last visited Sept. 22, 2025) (categorizing murder, kidnapping, first-degree burglary, and assault and battery with intent to kill as violent offenses).

Thus, for all these reasons, the Court will overrule Owens's second objection, too.

After a thorough review of the Reports and record in this case under the standards set forth above, the Court overrules Owens's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Owens's motions for a temporary restraining order and preliminary injunction are **DENIED**.

**IT IS SO ORDERED.**

Signed this 23rd day of September 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Owens is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.