**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

SHAWN HAYDEN OWENS,                          §
                                             §
          Plaintiff,                         §
                                             §
vs.                                          §          Civil Action No.: 0:23-5958-MGL
                                             §
DIRECTOR BRIAN D. STERLING;                  §
YOLANDA TURNER, *Associate Warden*;          §
KEVIN CUNNINGHAM, *Mental Health*;           §
WARDEN JOHN PALMER; SCDC OFFICER §
DION GAINES; SCDC Major STANLEY              §
TERRY; SCDC; SLED; MATT HARRIS               §
                                             §
          Defendants.                        §

---

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND RESOLVING VARIOUS OTHER MOTIONS AS IDENTIFIED HEREIN**

---

Plaintiff Shawn Owens, a state inmate, brought this pro se action against various prison

employees, as well as Defendants South Carolina Department of Correction (SCDC) and State

Law Enforcement Division (SLED) (collectively Defendants), under 42 U.S.C. § 1983. He alleges

Defendants violated his constitutional rights while he was housed at SCDC's McCormick

Correctional Institution of the South Carolina Department of Corrections.

This matter is before the Court for review of the Report and Recommendation (the Report)

of the United States Magistrate Judge suggesting to the Court Defendants' motion for summary

judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil

Rule 73.02 for the District of South Carolina.

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Magistrate Judge filed the Report on January 26, 2026. Owens filed objections to the Report on February 19, 2026, and Defendants filed a reply to the Objections on March 4, 2026.

Initially, the Court notes Defendants argue the Owens's objections "simply re-hash the identical arguments presented to and ruled upon" by the Magistrate Judge, so he "has failed to articulate or demonstrate any specific error in the Report and Recommendation." Reply at 1. Defendants are incorrect. "[D]strict courts must solely consider the specificity, not the novelty, of objections to magistrate recommendations." *Elijah v. Dunbar*, 66 F.4th 454, 461 (4th Cir. 2023). That the objections "resemble[] arguments he had made previously" fails to serve as a barrier to de novo review. *Id.*

Turning to the motion for summary judgment, the Magistrate Judge recommends the Court grant the motion in Defendants' favor in part because Owens failed to administratively exhaust most of his claims. Report at 9-11; *see Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the [Prison Litigation Reform Act] and that

unexhausted claims cannot be brought in court." (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002))).

The Magistrate Judge recommends Owens properly exhausted only two claims: (1) "deliberate indifference to medical needs" for various defendants' inasmuch as they "fail[ed] to respond on or around September 6-7, 2022, to Plaintiff's reports that he had been raped," and (2) "failure to protect" for various defendants who "return[ed] Plaintiff to the housing unit in November 2022, where Plaintiff claimed he was previously raped and where he alleges he was subsequently attacked." Report at 10.

Owens expressly consents to this conclusion, Objections at 20, so the Court will adopt the Report in this respect and will address only these two claims.

As to the first claim of deliberate indifference, the claim is administratively exhausted as to Defendants Kevin Cunningham, John Palmer, and Dion Gaines. The Magistrate Judge concluded they are entitled to qualified immunity because Owens "has failed to produce, and the court is not aware of, any binding or persuasive consensus of authority sufficient to put the defendants on notice that their failure to provide Plaintiff medical care following his uncorroborated and recanted allegations of rape violated Plaintiff's clearly established constitutional rights." Report at 18.

In a § 1983 case, the defendant is entitled to qualified immunity "unless a plaintiff . . . show[s] (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would [have

understood] that what he is doing violates that right.'" *Id.* at 741 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). This Court "ha[s] discretion to decide which of the two prongs of qualified-immunity analysis to tackle first." *Id.* at 735. Here, the Court will first address the clearly established portion of the qualified immunity analysis.

The vast majority of Owens's objections fail to address qualified immunity. Even if the Court were to sustain these objections to various factual details, the ultimate legal outcome would be unchanged. Owens has failed to produce legal authority which would strip the defendants of qualified immunity in these circumstances, nor has he articulated any facts which would bring his claims within a clearly established right. As such, his objections on this issue will be overruled.

As to the second claim based on a failure to protect—against Defendants Palmer, Yolanda Turner, and Stanley Terry—the Magistrate Judge recommends granting summary judgment in favor of Defendants. She reasons Owens failed to provide any evidence demonstrating Defendants actually knew of a substantial risk of harm to Owens when they returned him to housing unit F3, where he alleges he was previously raped. Report at 19; *see Ford v. Hooks*, 108 F.4th 224, 230 (4th Cir. 2024) (explaining a failure to protect case "requires proof that the prison official subjectively 'knew' of the substantial risk of harm to a prisoner and 'consciously disregarded'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994))).

The Court agrees with the Magistrate Judge. Even in Owens's Objections, he writes he "did not ever tell the names of those who attacked him at any point." Objections at 15. Under the circumstances, it would be unreasonable to conclude he has demonstrated the Defendants actually knew of any substantial risk. In fact, Defendant Terry stated in his affidavit that on November 1, 2022, he "did not believe [Owens's] claims that he was raped" and therefore "had no reason to believe inmate Owens would be in any danger." Affidavit of Stanley Terry, dated July 22, 2024 ¶

14. The Court will adopt the findings of the Report outlining Defendants' extensive evidence demonstrating Owens's vacillating story and their resulting subjective disbelief he was in danger.

Also, in Owens's Objections, he refers to the relevant principle, as stated by the Supreme Court, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious," *Farmer*, 511 U.S. at 842. Objections at 24. He has failed, however, to present sufficient evidence the risk was so obvious as to present a genuine issue of material fact. In other words, he is unable to show defendants "'subjectively recognized' th[e] actions [they] took in response 'were inappropriate in light of that risk.'" *Ford*, 108 F.4th at 230. Owens's objections will be overruled.

Relatedly, based on *Ellerbe v. Thomas*, No. CV 1:22-2598-JD-SVH, 2023 WL 6645028, at *3 (D.S.C. Mar. 29, 2023), *report and recommendation adopted,* No. 1:22-CV-02598-JD-SVH, 2023 WL 5993148 (D.S.C. Sept. 15, 2023), Owens objects to the Report and argues an unverified complaints can be considered on review of a motion for summary judgment. Objections at 31. The objection will be overruled because it is incorrect and even in *Ellerbe* the Court specified it "d[id] not rely on the allegations contained in these documents" in reaching its conclusion. *Ellerbe*, *supra*, at *3 n.3.

Additionally, in his Objections Owens seeks to raise claims of defamation, civil conspiracy, defamation, and intentional infliction of emotional distress. Objections at 19. As he noted, however, "neither party objected to the [Magistrate Judge]'s construction of claims," which included only those brought under § 1983. Objections at 17. His attempt to raise additional claims at this stage is ineffective and fails. As such, the Court will also overrule these objections.

Finally, SCDC and SLED fail to qualify as "persons" capable of suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45

(1989) (holding "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are protected from suit under § 1983).  As both SCDC and SLED are arms of the state of South Carolina, they are immune from suit so Owens's claims against them necessarily fail.  Thus, the Court will grant Defendants' motion for summary judgment on that ground.

Also before the Court are several motions Owens has filed.  As to his motion to "correct verification," he seeks to amend his complaint and re-file it as a verified complaint.  The motion will be denied because even if the Court were to grant the motion, his claims would still fail for the reasons given above and stated in the Report.  Amendment would therefore be futile.  His remaining motions will be deemed as moot given the Court's disposition of Defendants' motion for summary judgment.

For all of the reasons addressed above, the Court adopts the Report, Owens's objections are overruled, and Defendants' motion for summary judgment is **GRANTED**.  Owens's motions are **DENIED** and **RENDERED AS MOOT** as described herein.

**IT IS SO ORDERED.**

Signed this 31st day of March, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE